No. 536.

## BECKETT *v.* THE STATE, EX REL. ROTHERT.

BASTARDY.—*Personal Judgment.*—*Constructive Notice.*—A personal judg-
ment in a bastardy case upon a constructive notice is void. A judg-
ment of filiation in such a case is designed to furnish the basis of a
judgment for personal recovery, and it has no other office or function.
It does not affect the condition or status of the parties in any other
manner. The judgment being personal, it can not be upheld as fixing
the liability of a defendant, unless the court had jurisdiction of his per-
son. The warrant takes the place of the summons in ordinary civil
actions.

From the Dearborn Circuit Court.

*W. J. Beckett* and *W. S. Doan,* for appellant.

*J. K. Thompson,* for appellee.

CRUMPACKER, J.—This was a prosecution for bastardy.
The record shows that a complaint in due form was filed be-
fore a justice of the peace, upon which a warrant was issued
for the arrest of the defendant. The warrant was returned
" not found," and the justice heard the complaint in the ab-
sence of the defendant, and decided that he was the father
of the relatrix's child, and certified the cause to the circuit
court. There an affidavit was filed, showing that the defend-
ant was a non-resident of the State, and an order was entered
directing that notice be given of the pendency of the action
by publication. In pursuance of such order, notice was pub-
lished in a newspaper ; and, at a subsequent term of court, due
proof thereof was made, and the defendant was called and
defaulted. The cause was submitted to the court for trial,
and a finding was entered that the relatrix had been deliv-
ered of a bastard child, of which the defendant was the father,
and judgment was rendered against him for $600, payable in
instalments, providing in the event of his failure to pay or
replevy such judgment, that he be committed to the jail of
the county until discharged by law.

The defendant appeals from such judgment, and assigns for

error that the court had no jurisdiction of his person, and the judgment is void. There is no statutory provision authorizing notice by publication in bastardy cases, and such notice, without authority of law, is equivalent to no notice at all. A personal judgment can not be rendered against the defendant upon constructive notice, even when such notice is authorized by statute. It can confer jurisdiction only in proceedings *in rem*, or where it is the purpose of the action to determine the *status* of the parties, as in divorce cases, and then it is effective only to the extent necessary to make the proceedings *in rem*, or judgment affecting the *status* operative and efficient. The finding or judgment in such cases can not be made the basis of a personal liability. *Quarl* v. *Abbett*, 102 Ind. 233.

At common law the putative father of an illegitimate child could not be compelled to contribute to its support. This burden rested solely with the mother. *Wiggins* v. *Keizer*, 6 Ind. 252; *Furrillis* v. *Crowther*, 7 D. & R.612.

Bastardy proceedings are purely statutory, and the remedy given by the statute must measure the rights and liabilities of the parties. In the case of *Moyer* v. *Bucks*, 2 Ind. App. 571, this court held that a personal judgment in a bastardy case upon constructive notice was void, and we regard the doctrine of that case as eminently sound.

But it is insisted on behalf of the appellee that the finding and judgment of the court upon the question of paternity affects the *status* of the parties only, and to this extent the judgment was authorized, and, as appellant attacks the judgment as an entirety, he should not prevail. A judgment of filiation, in such cases as this, is designed to furnish the basis of a judgment for personal recovery, and it has no other office or function. It does not affect the condition or *status* of the parties in any other manner. By such judgment the paternal relation is not established between the father and child; the father is not entitled to the custody or services of the child; it does not become his heir, and has no claim

on him for maintenance further than is given by the judgment of the court. Such a judgment is personal, and can not be upheld as fixing the liability of the defendant, unless the court had jurisdiction of his person, and this can not be acquired by constructive notice.

These prosecutions are governed by the civil practice, except where different rules are specially provided. The warrant in these cases takes the place of the summons in ordinary civil actions. When the defendant has been arrested and escapes from custody, the court still has jurisdiction of him, and may hear the cause and enter judgment in his absence. The arrest is equivalent to the service of a summons, and is sufficient notice. *Lucas* v. *Hawkins*, 102 Ind. 64; *Patterson* v. *State, ex rel.*, 91 Ind. 364.

It follows that judgment in the case before us is without authority and void. It is therefore reversed.

Filed March 3, 1892.