Filed Oct. 11, 1894.

———————◆———————

No. 1,024.

## BECKETT *v.* THE STATE, EX REL. ROTHERT.

BASTARDY.—*Institution of Suit.*—*Defendant Absent from State.*—*Subsequent Service of Process.*—A bastardy [proceeding may be instituted in any county of the State against a nonresident, although he may not be within the county at the time of the institution of the action, and process may afterwards be served upon the defendant if he comes within the county.

SAME.—*Defendant Absent from State.*—*Certification to Circuit Court.*—*Subsequent Arrest.*—*Jurisdiction.*—Where the defendant in a bastardy proceeding was not in this State at the time proceedings were instituted against him, and was not present either in person or by attorney, and was absent from the State for more than two years after the certification of the cause to the circuit court, but was subsequently arrested in said county on a warrant issued from the circuit court, in said cause, the circuit court acquired jurisdiction of the defendant.

From the Ohio Circuit Court.

*W. J. Beckett* and *W. S. Doan,* for appellant.

*A. G. Smith,* Attorney-General, *J. K. Thompson* and *W. C. D. Stevenson,* for appellee.

Ross, J.—This was a prosecution for bastardy, and is now in this court for the second time. *Beckett* v. *State, ex rel.,* 4 Ind. App. 136.

The action was originally commenced before a justice of the peace of Dearborn county, and the appellant not having been arrested, the trial proceeded in his absence, and the court having found and adjudged him to be the father of such bastard, the cause was duly certified to the Dearborn Circuit Court, as provided by section 998, R. S. 1894.

On the former appeal it was held that a personal judgment could not be rendered against the appellant when the only service of process upon him was by publication. It was not decided by the court that the justice did not have jurisdiction to try and determine the paternity of the bastard child, in the absence of and without process having been served on the appellant.

If the justice had jurisdiction to try and determine the question of the paternity of the child in the absence of and without process having been served on the appellant, the certification of the cause to the Dearborn Circuit Court vested that court with jurisdiction over the subject-matter, although it did not thereby acquire jurisdiction over the person of the appellant. Section 998, *supra,* provides for a hearing of the cause in the absence, and without process having been served on the party charged with being the father of the bastard child, and, if upon such hearing the person so charged is adjudged to be the father of such child, the justice shall transmit the papers and a transcript of his judgment to the circuit court, where the cause shall be docketed for trial. In cases of this character, a justice's court is simply a court of inquiry, and its judgment is simply for the purpose of vesting the circuit court with jurisdiction of the subject-matter, and of the person of the defend-

ant, if he has been arrested, and while it is also provided in said section, that the cause shall be heard and determined by the circuit court the same as if the defendant were present, that part of the section can not, and does not, confer upon the court the power to render a personal judgment against the defendant except he appears or has been served with process.

After the reversal of the cause by this court, the appellant appeared specially in the Dearborn Circuit Court, and moved to dismiss the cause for want of jurisdiction. This motion was overruled by the court, whereupon appellant filed a plea in abatement, setting up the same facts set forth in his motion to dismiss. A demurrer was filed and sustained to this plea, and to this ruling and the overruling of the motion to dismiss proper exceptions were saved. Subsequent to these rulings the venue of the cause was changed on the application of the appellant, to the Ohio Circuit Court.

The first three errors assigned in this court, namely, the overruling of the motion to dismiss the cause, the sustaining of the demurrer to the plea in abatement, and the overruling of the motion in arrest of judgment, present for our consideration the question of the court's jurisdiction over the person of the appellant. These three errors involving the consideration of the same questions, presented in different forms, will be considered together.

The record before us fails to show the service of any process whatever upon the appellant, unless it may be considered that the motion to dismiss, and the plea in abatement, show that process had been served on him. Both the motion to dismiss, and the plea in abatement, show that the appellant, at the time these proceedings were instituted, was a nonresident of the State of Indiana,

and was not at that time within the State, and did not come into the State until more than two years thereafter.

The contention of counsel for appellant, if we understand them aright, is, that if the appellant was a nonresident of the State, and not within the State at the time this cause was commenced, the justice of the peace, before whom the proceedings were instituted, had no jurisdiction, and the circuit court acquired no jurisdiction by the transmission of the papers and a copy of the record of the proceedings in the cause before him. It is evident that if the justice of the peace had no jurisdiction to hear and determine the matter, the circuit court acquired none.

A proceeding for bastardy is commenced by the relatrix making complaint in writing, under oath, before a justice of the peace, either that she has been delivered of, or is pregnant with, a bastard child, charging some male person with being the father thereof, whereupon the justice shall issue a warrant for the defendant, who shall be arrested and brought before such justice. Section 990, R. S. 1894.

Such proceedings must be commenced in the county in which the defendant resides, if he is a resident of the State. *Hawley* v. *State, ex rel.*, 69 Ind. 98; *Morris* v. *State, ex rel.*, 115 Ind. 282.

But if the defendant is a nonresident of the State, the proceeding may be instituted in any county in which he may be found.

An action of this kind may be instituted in any county of this State against a nonresident, although he may not be within the county at the time of the institution thereof, and process may afterwards be served upon him if he comes within the county.

No court, whether a court of general or limited jurisdiction, can render a valid personal judgment except it

has acquired jurisdiction over the person of the defendant. Jurisdiction over the person, which vests the court with the power to render a personal judgment, is acquired through due process of law. A personal judgment rendered by a court, without having acquired jurisdiction over the person of the judgment defendant, is void.

The appellant sought to have the cause dismissed by his motion, or abated by his plea, because he was not a resident of the State and not within the State at the time the proceedings were instituted, was not present either in person or by attorney, at the hearing before the justice, and was not within the State until more than two years after the certification of the cause to the Dearborn Circuit Court.

It is also shown, however, in both the motion and the plea, that prior to their being filed, appellant had been arrested on a warrant issued by the Dearborn Circuit Court in this cause, and that in obedience thereto he appeared specially and filed both his motion and plea. Without this showing by appellant, the record would have been silent as to the service of any process upon him. Where the warrant was served upon him is not shown, but it is presumed that it was served upon him where he was found in Dearborn county. Having been found in Dearborn county, and process served upon him, the Dearborn Circuit Court acquired jurisdiction over him.

There was no error, therefore, in overruling the motions to dismiss and in arrest of judgment, or in sustaining the demurrer to the plea in abatement.

No other questions are presented.

Judgment affirmed.

Filed April 3, 1894; petitition for rehearing overruled Sep. 26, 1894.