Reinhaed, J.
On the 16th day of September, 1889, the relatrix instituted bastardy proceedings against the appellant, before a justice of the peace in Kosciusko county. A warrant issued by the justice was returned "not found.” The justice proceeded with the case under the statute, adjudged the appellant to be the father of a bastard' child, with which the relatrix was then pregnant, and certified the proceedings to the clerk of the circuit court. R. S. 1894, section 998. After several continuances, the appellant was arrested and brought to trial in the court below, where he filed a plea in abatement, alleging that at the time of the commencement of the proceedings before the justice and the filing of the transcript in the court below, he was not a resident of Kosciusko county, but was a resident of Fayette county, Indiana. Upon the issue tendered by this plea, there was a trial before the court and a finding against the appellant. Upon final hearing the appellant was adjudged to be the father of the relatrix’s bastard child, and he was required to give bond for its support.
*637 Filed Jan. 10, 1895.
The only question we are to determine is as to the sufficiency of the evidence to support the finding of the court upon the plea in abatement. The appellant insists that there was no evidence from which the court was authorized to conclude that it had jurisdiction over the person of the appellant. There was evidence tending to show that the appellant, upon learning of the pregnancy of the relatrix, left his home in Kosciusko county and remained for a time with an uncle in Wayne county; that he then went to Fayette county, and thence to Chicago, Illinois, where he remained for two years, after which he returned to Kosciusko county, where he was arrested. Whether the appellant left his home in Kosciusko county with the intention of changing his residence or not, or whether he ceased to be a resident of Indiana and became a resident of Illinois, or had no fixed residence in any county of the State, were all questions for the determination of the trial court under the evidence. If the appellant was a resident of Kosciusko county when the proceedings were instituted and when arrested, or was a nonresident of the State, or had no fixed- habitation in any county of this State at these times, the court had jurisdiction over his person. Beckett v. State, ex rel., 10 Ind. App. 408.
The burden was upon the appellant to establish his plea. We can not say where the preponderance of the evidence lies. This was a matter exclusively for the trial court. There was evidence from which the court had a right to find that it had jurisdiction Over the appellant.
Judgment affirmed.