222 P.2d 991

In re HINDI.

HINDI v. BAILON.

No. 5231.

Supreme Court of Arizona.

Oct. 18, 1950.

18

W. E. Ferguson, of Holbrook, for appellant.

Anderson & Smith, of Safford, for appellee.

STANFORD, Justice.

This is an appeal from a decree of the Superior Court, establishing the identity, birthright and parentage of Agatha Lavern Bailon Hindi. The petitioner is the mother of the child involved, and she alleges that the child was born December 16, 1946, in Vaughn, New Mexico, and that Shafie Hindi, the appellant, is the father of the child.

The facts further show that both mother and child reside in Graham County, Arizona, and have so resided for the past year, and that Eva Bailon is the duly appointed and acting guardian ad litem of her child. Also that Shafie Hindi is a resident of New Mexico.

The order of the court fixing time for hearing the petition contains this statement: "* * * that said Shafie Hindi be served personally with a copy of this order together with a copy of the petition filed therein at least sixty days prior to said hearing."

Said order was dated October 4, 1948, and the return of the officer showing service, is as follows:

"I hereby certify that I received the attached order on the 2nd day of October, 1948, and personally served the same on the 2nd day of November, 1948, upon Shafie Hindi, by delivering to him personally in the County of Torrance, State of New Mexico, a copy of said order to which was attached a copy of the application for establishing the identity, birthright and parentage of Agatha Lavern Hindi.

"Dated this 2nd day of November, A. D. 1948.".

 Appellant entered a "special" appearance for the purpose of contesting jurisdiction of the court and thereupon made a motion to dismiss. This court takes judicial notice of the fact that under the new Rules of Civil Procedure, there is no longer any distinction made between a "special" and a "general" appearance, 2 Moore's Federal Practice, 2d Ed., 2260, and the appearance here entered by appellant is to be considered the same as any other appearance. The motion to dismiss, based on an alleged lack of jurisdiction, was however the sum total of the pleadings entered by appellant. This motion being supported by affidavits of both appellant and his father, was in effect a speaking motion and we find nowhere in the record that the new facts included therein were in any way contested by appellee. This motion was subsequently denied.

From the decree of the trial court adjudging Shafie Hindi to be the father of Agatha Lavern Bailon Hindi, this appeal was taken.

Appellant's assignments of error go to lack of jurisdiction of the trial court over Shafie Hindi.

'Two sections of the Arizona Code are involved here. · They are as follows:

27-403, A.C.A.1939: "Whenever any person desires to establish his identity or fix his birthright and parentage or both, he may file his application in the superior court of the county of his residence, setting forth his reasons for desiring to establish his identity, birthright or parentage, and the court may, after the hearing of such application, enter judgment establishing the identity, or the birthright and parentage, or both, of such person. The guardian or next friend of a minor may file such application in the county of the minor's residence, or if the minor be sixteen (16) years of age or over he may file his own application, and the court may hear the same and enter judgment thereon as in the case of other persons."

27-404, A.C.A.1939: "Upon the filing of such application, if the court deem it proper that notice be given of the hearing of such application it may order that such notice be given by publication or by service upon the parties interested. * * *"

 Much has been said on both sides concerning the type of action brought un-

der these sections. We think that the contention of the appellee that this is an action "in rem", the child being the "rem", is hardly tenable. Sec. 27-403, supra, under which this action was brought, provides for the bringing of the action by the person who "desires to establish his identity or fix his birthright and parentage or both", or in the event that such person be under the age of sixteen, such application may be made by his guardian or next friend which would be in his behalf. We find it impossible to sustain the argument that the action is one "in rem", as there is nothing which appellant owns or in which he had any interest at the commencement of the action.

■ The American Law Institute, Restatement of Conflicts, Sec. 77, states concisely the bases of jurisdiction over individuals:

"Section 77. Bases of Jurisdiction.

"(1) The exercise of jurisdiction by a state through its Court over an individual may be based upon any of the following circumstances:

"(a) The individual is personally present within the state;

"(b) He has his domicil within the state;

"(c) He is a citizen or subject owing allegiance to the nation;

"(d) He has consented to the exercise of jurisdiction;

"(e) He has by acts done by him within the state subjected himself to its jurisdiction.

"(2) In the absence of all these bases of jurisdiction, a state through its courts cannot exercise jurisdiction over individuals."

It is apparent in the instant case that the defendant-appellant has not brought himself within the jurisdiction of the courts of this state under any of the above bases.

■ In the case of In re Cook'sEstate, 63 Ariz. 78, 159 P.2d 797, this court said, in reference to sections 27-403 and 27-404, supra, that the primary purpose of the legislation was to fix the father's obligation to support and educate the child. In light of the foregoing, we think the action here is one "in personam" and demands service of process accordingly. The law is well settled on this point, and we quote from 42 Am.Jur., Process, sec. 75: "A judgment in personam against a nonresident who does not enter a voluntary general appearance or otherwise waive personal service of process can be predicated only upon jurisdiction over the person of the nonresident acquired by proper personal service of process upon him within the territorial jurisdiction of the court."

■ Having quoted the paragraphs of the statute which are relied on in this case, we return to Sec. 27-404, supra, and call attention to the statement therein, "if the court deem it proper that notice be given". This indicates that it is discretionary with the court whether or not notice be given. Certainly we cannot uphold that, because it can be easily seen that the court should

not be allowed to arbitrarily burden a man of another state with the parentage of a child without his first being given notice of the same. But the court did give notice in this case and made an order stating, "that said Shafie Hindi be served personally with a copy of the petition filed therein at least sixty days prior to said hearing." Under our case of Blair v. Blair, 48 Ariz. 501, 62 P.2d 1321, 1323, this court said: "We next consider the more serious objection in regard to the jurisdiction of the court. * * * Ever since the famous case of Pennoyer v. Neff, 95 U.S. 714, 723, 24 L. Ed. 565, it has been accepted as axiomatic that a judgment which acts in personam may not be rendered against a defendant unless such defendnt has either been served personally with process *within the territorial jurisdiction of the court,* or has voluntarily entered an appearance in such court." (Emphasis supplied.)

Also, it will be noted that while the notice that was served on Shafie Hindi stated that Wednesday, the 15th day of December, 1948, at the hour of 10 o'clock A. M., in the court room of the Graham County Court House, would be the time and place of the hearing of said application, yet the decree recites that the matter was heard before the court on the 21st day of February, 1949, and there is nothing in the record of the case before us to show that there was any attempt to give notice to Shafie Hindi of the change of date of the hearing.

We hold that the service made on Shafie Hindi was not sufficient, and that our legislature exceeded its power in its enactment of the first sentence of sec. 27-404. supra.

Accordingly we hold, in addition to the foregoing, that there was no jurisdiction had over Shafi Hindi, and the judgment is reversed and remanded with instructions to grant the motion to dismiss.

LA PRADE, C. J., and UDALL, PHELPS and DE CONCINI, JJ., concur.