CALVERT *v.* LONDON.

[No. 20,356. Filed October 1, 1965.]

*William C. Erbecker,* of Indianapolis, for appellant.

*John A. Carson,* of Indianapolis, for appellee.

SMITH, J.—This is an appeal from a paternity suit which was filed by the appellant-petitioner against the appellee-defendant in the Marion County Juvenile Court.

The issues were formed by the appellant's filing of a VERIFIED PETITION TO ESTABLISH PATERNITY OF A CHILD AND PROVIDE FOR ITS SUPPORT and by the appellee's denial of the allegations therein.

The cause was tried without the intervention of a jury on evidence submitted on January 17, 1964 and again on December 4, 1964. The appellant-petitioner submitted evidence and the appellee-respondent submitted no evidence; and the court found that the appellee-respondent was not the father of the appellant-petitioner's child and entered judgment accordingly.

The appellant assigns as error the overruling of the motion for a new trial, the specifications of which are that the decision is contrary to law and not sustained by the evidence.

An assignment of error that a negative judgment is not sustained by sufficient evidence presents no question for our consideration. However, under the █ assignment of error that the decision is contrary to law we must consider whether or not the evidence including all reasonable inferences to be deduced therefrom would lead to a conclusion contrary to that of the trial court.

The appellee-respondent has failed to file an answer brief. Therefore, if the appellant-petitioner has presented to this court a prima facie showing of █ reversible error, we may reverse. *State ex rel Board of Medical Registration and Examination* v. *Stucker* (1953), 232 Ind. 76, 111 N. E. (2d) 714; *Reed Adm.* v. *Brown* (1939), 215 Ind. 417, 19 N. E. (2d) 1015; *State* v. *Rousseau* (1936), 209 Ind. 458, 199 N. E. 587; *Finerty, Auditor* v. *Bryan* (1938), 214 Ind. 570, 16 N. E. (2d) 882.

In deciding whether the appellant has made a prima facie showing of reversible error it is necessary to examine the allegations of her petition and the evidence submitted in support of them. The petition alleged:

1. That she was the mother of Curtis Roy Calvert who was born out of wedlock in the County of Marion, State of Indiana, and that the said child was conceived out of wedlock on or about the month of October, 1962.

2. That the respondent, Curtis London, was the father of the said child.

The evidence submitted to prove these allegations was offered by the appellant, in which she testified that she met the appellee in November of 1960 and began keeping company with him; that on June 16, 1962 she began living with the appellee; that this relationship continued without interruption until the latter part of

October of 1962; that during this period the appellant and the appellee had sexual relations; that as a result of this relationship the appellant became pregnant in October of 1962; that appellant had sexual relations with no other man during this period; that the appellant's pregnancy terminated on July 26, 1963 with the birth of her child; that on at least one occasion the appellee admitted that he was the father of the child; that before the child was conceived the appellee represented to the appellant that he was going to get a divorce and that he was going to purchase a house for her; that before the child was conceived the appellee purchased wedding rings for the appellant; that on March 28, 1963 the appellee again began living with the appellant and did so until two months after the child was born; and finally that during the pregnancy the appellee paid the bills of the appellant's attending physician.

The testimony of two other witnesses was offered by the appellant. However, their testimony merely substantiated collateral matters testified to by the appellant.

The aforesaid evidence offered by the appellant was uncontradicted and the appellee presented no evidence in his behalf. The cross-examination of the appellant by appellee's counsel merely attempted to clarify collateral matters, and none of the cross-examination concerned material issues. None of the cross-examination was an attempt to impeach the testimony of the appellant and neither did it attack the credibility of the appellant.

The appellant contends that therefore the decision is contrary to law because the trial court's decision is not sustained by the evidence. However, this contention is without merit in light of the rule in this jurisdiction that evidence uncontroverted

is not necessarily binding on the triers of fact and may be disbelieved and given no weight. See, *A.S.C. Corp.* v. *First National Bank of Elwood* (1960), 241 Ind. 19, 167 N. E. (2d) 460; *Myers, Adm.* v. *Wyrick* (1963), 134 Ind. App. 670, 191 N. E. (2d) 107; *Neuwelt* v. *Roush* (1949) 119 Ind. App. 481, 85 N. E. (2d) 506; *Goldberg* v. *Britton* (1949), 119 Ind. App. 90, 84 N. E. (2d) 201.

As a consequence we cannot say that the decision is contrary to law because only the appellant offered oral testimony of facts of which she had the burden of proof. The trial court was the sole judge of the credibility of the witness and he may have found that the appellant did not prove her case because he simply did not believe her testimony. This he had a right to do. The fact that the evidence was uncontroverted does not justify this Court on review substituting our judgment for that of the trial court. The trial judge had the opportunity to observe the demeanor of the witness (appellant) while testifying, a factor which is intangible and which this Court did not experience. The mere fact that all of the evidence was introduced by the appellant is of no significance in determining its weight. It has been repeatedly held by this Court that this appellate tribunal will not weigh the evidence which is exactly what the appellant is requesting us to do.

In light of this discussion we are of the opinion that the appellant has not demonstrated prima facie error and therefore the judgment of the trial court is hereby affirmed.

Judgment affirmed.

Bierly, C. J., Hunter and Mote, JJ., concur.

NOTE.—Reported in 210 N. E. 2d 376.