SANDRA TOBY COHEN *v.* WAYNE M. BURNS, JR.

[No. 271A28. Filed October 26, 1971.]

*Ronald S. Lieber, Lieber & Neff*, of counsel, of Indianapolis, for appellant.

*Daniel E. Johnson, Wilson S. Stober, Baker & Daniels*, of counsel, of Indianapolis, for appellee.

ROBERTSON, J.—The appellant, mother of twin boys, is appealing a finding of nonpaternity in favor of the appellee.

Viewing the evidence most favorable to the appellee, it was shown that the mother was a 22-year-old college student who, over a period of approximately 3 years, had been intimate with four other men. She had an aborted pregnancy about a year prior to the incident involved in this case.

The parties met in November, 1968, and over a period of several months saw each other with varying frequency. One evening, the appellant contends on or about February 24, 1969, while the appellee says sometime during the week of the 16th to the 21st of March, 1969, the parties engaged in one act of intercourse. The appellant arrived uninvited at his apartment and, contrary to several previous occasions, did not resist the appellee's advances. Thereafter she informed the appellee, on or about the 1st of April, 1969, of her pregnancy.

The appellant's father contacted the appellee by telephone twice in September. The first call was to inquire as to appellee's intentions regarding legitimation of the baby. The second call informed the appellee that his name was used as a "convenience" and to "rest at peace." There was conflicting testimony as to whether or not the second call was a result of threats on the part of the appellee.

The appellant gave birth to full-term twin boys on the 24th of November, 1969.

After the birth, there was a meeting of the families to resolve the future of the children. The appellee made offers to pay $10,000 for their education and urged the mother to put them up for adoption. His earlier statements regarding

marriage and a quick divorce had been withdrawn. Failing to reach an agreement, two paternity actions were filed and consolidated for trial.

The four assignments of error contained in the motion to correct errors are: the decisions of the court were contrary to evidence, contrary to law, error in ruling on properly raised questions of law, and sustaining of numerous objections of the defendant-appellee, and overruling numerous objections of the petitioner-appellant at the trial.

The appellant's brief cites no authority nor contains any discernible argument directed to the two latter specifications, therefore, they are deemed waived. *Matis* v. *Yelasich* (1956), 126 Ind. App. 287, 132 N. E. 2d 728. See also AP Rule 8.3 (7).

Regarding the first two specifications of error:

> "An assignment of error that a negative judgment is not sustained by sufficient evidence presents no question for our consideration. However, under the assignment of error that the decision is contrary to law we must consider whether or not the evidence including all reasonable inferences to be deducted therefrom would lead to a conclusion contrary to that of the trial court." *Calvert* v. *London* (1965), 137 Ind. App. 595, 597, 210 N. E. 2d 376, 377.

It is a well recognized fact that paternity suits are civil in nature in which a preponderance of the evidence is required to establish an affirmative issue. *Reynolds* v. *The State ex rel. Cooper* (1888), 115 Ind. 421, 17 N. E. 909. *Beaman* v. *Hedrick* (1970), 146 Ind. App. 404, 255 N. E. 2d 828.

The basis of the appellant's argument indicating the court's decision was contrary to the law is founded upon her opinion that the court ignored her competent and uncontradicted evidence which would establish paternity.

The testimony of the petitioner as well as the defendant in a paternity suit is to be treated in the same way as in any other civil suit.

". . . we know of no rule of law in this State that requires her testimony to be weighed or supported in any other manner than that of other witnesses. She is not found among the exceptions to the general rule." *Evans* v. *State ex rel. Freeman* (1905), 165 Ind. 369, 74 N. E. 244.

". . . The weight to be given such testimony should be judged by accepted standards of credibility applicable to any other interested party to litigation." *Solomon* v. *Fenton* (1969), 144 Ind. App. 100, 244 N. E. 2d 228, 231.

Further illustration of the application of this rule is in the case of *Calvert* v. *London* (1965), 137 Ind. App. 595, 210 N. E. 2d 376, where the testimony of the prosecutrix was uncontroverted, but disbelieved by the trial court.

"The appellant contends that therefore the decision is contrary to law because the trial court's decision is not sustained by the evidence. However, this contention is without merit in light of the rule in this jurisdiction that evidence uncontroverted is not necessarily binding on the triers of fact and may be disbelieved and given no weight." (Citing authorities). *Calvert* v. *London, supra,* 210 N. E. 2d 376, 378.

Quoting further from the same case:

"As a consequence we cannot say that the decision is contrary to law because only the appellant offered oral testimony of facts of which she had the burden of proof. The trial court was the sole judge of the credibility of the witness and he may have found that the appellant did not prove her case because he simply did not believe her testimony. This he had the right to do. The fact that the evidence was uncontroverted does not justify this Court on review substituting our judgment for that of the trial court. The trial judge had the opportunity to observe the demeanor of the witness (appellant) while testifying, a factor which is intangible and which this Court did not experience. The mere fact that all of the evidence was introduced by the appellant is of no significance in determining its weight. It has been repeatedly held by this Court that this appellate tribunal will not weigh the evidence which is exactly what the appellant is requesting us to do." *Calvert* v. *London, supra.*

There was evidence from which the trial court could have found the appellant was pregnant prior to her overnight visit with the appellee. Such being the case, the judgment of the trial court is affirmed.

Judgment affirmed.

Sullivan, P. J., Buchanan and Lowdermilk, JJ., concur.

NOTE.—Reported in 274 N. E. 2d 283.