MANFORD NEILL *v*. BETTY RIDNER.

[No. 372A155. Filed August 23, 1972.]

*Ronald D. Hughes,* of Bloomington, *William M. Osborn, Grace M. Curry, Bingham, Summers, Welsh & Spilman,* of Indianapolis, for appellant.

*Stephen Ferguson,* of Bloomington, for appellee.

ROBERTSON, P.J.—The primary issues raised in this appeal concern the sufficiency, if any, of service of process upon a non-resident defendant in a bastardy case, and whether he was denied due process of law.

The procedural facts reveal the plaintiff-appellee commenced her cause against the defendant-appellant on the 23rd day of July, 1969, under the Children Born Out of Wedlock Act, IC 1971, 31-4-1-1, *et seq.,* Ind. Ann. Stat. § 3-623 *et seq.* (Burns 1968). The summons was returned by the Sheriff of Monroe County, Indiana as unfound, and with the explanation that the defendant "lives in Ky.". Defendant's counsel entered a special appearance on September 11th for the purpose of contesting jurisdiction over the defendant. On November 19th, and December 19th, 1969, bench warrants were issued

for the arrest of the defendant. Neither of these were successful in securing the defendant's presence in court, nor were they recalled until after the trail.

On April 10th, 1970, an alias summons was issued by mail. The return receipt was signed by a Roger Goodman. In August, 1970, the summons was set aside as not being properly served. Still another alias summons was ordered issued. On November 25, 1970, the defendant was personally served by a deputy sheriff of Fayette County, Kentucky, who made his return. Defendant's counsel contested jurisdiction at virtually every stage of the proceedings.

A trial by the court resulted in a verdict declaring the defendant to be the father of the twin boys born to the plaintiff, and an order for their support was made. The defendant did not attend the trial.

The first of several contentions is based upon TR. 4.4A, IC 1971, 34-5-1-1 which reads:

"(A) Acts serving as a basis for jurisdiction. Any person or organization that is a nonresident of this state, a resident of this state who has left the state, or a person whose residence is unknown, submits to the jurisdiction of the courts of this state as to any action arising from the following acts committed by him or his agent:

(1) doing any business in this state;

(2) causing personal injury or property damage by an act or omission done within this state;

(3) causing personal injury or property damage in this state by an occurrence, act or omission done outside this state if he regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue or benefit from goods, materials, or services used, consumed, or rendered in this state;

(4) having supplied or contracted to supply services rendered or to be rendered or goods or materials furnished or to be furnished in this state;

(5) owning, using or possessing any real property or an interest in real property within this state, or

(6) contracting to insure or act as surety for or on behalf of any person, property or risk located within this state at the time the contract was made;

(7) living in the marital relationship within the state notwithstanding subsequent departure from the state, as to all obligations for alimony, custody, child support, or property settlement, if the other party to the marital relationship continues to reside in the state."[1]

The essence of defendant's assignment of error, as it pertains to TR. 4.4A, is that the act or acts which give rise to an action of bastardy are not specified in any of the seven determinates giving jurisdiction over a non-resident.

We are of the opinion that TR. 4.4A(2) applies in the situation at hand. There is no requirement that the act complained of be a tort as it was known at the common law. The legislature, by means of the Children Born Out of Wedlock Act, *supra,* makes it quite clear that it is the policy of Indiana to protect children under these circumstances.

The law, prior to the adoption of the new rules on January 1, 1970, was clear that constructive notice or extraterritorial service to the defendant in a bastardy case would not uphold a judgment fixing support for the child. See: *Beckett* v. *State ex rel. Rothert* (1892), 4 Ind. App. 136, 30 N. E. 536, and *Beckett* v. *State ex rel. Rothert* (1894), 10 Ind. App. 408, 37 N. E. 30. Applied to the facts of the case at hand it is apparent that the trial court had never acquired jurisdiction over the defendant as of January 1, 1970.

The defendant cites us to two other jurisdictions where it has been held that personal service on a non-resident is required to sustain the validity of a judgment in an in personam cause, namely, bastardy cases. See *In re Hindi* (1950), 71 Ariz. 17, 222 P. 2d 991, and *Hartford* v. *Superior Court* (1956), 47 Cal. 2d 447, 304 P. 2d 1. The rationale of both cases would seem to reflect the law of Indiana as pronounced in the *Beckett* cases, *supra,* and the legal situation as it existed prior to the adoption of TR. 4.4. The *Hindi* case, *supra,* gives recog-

---

1. Sub-section (7) was amended effective January 1, 1971. The amendment is of no consequence in deciding the issues here presented.

nition to the now substantially dwindled authority contained in *Pennoyer* v. *Neff*, 95 U.S. 714, 24 L. Ed. 565. The *Hartford* case, *supra*, appears to be based upon a personal service statute not dissimilar to Indiana procedure prior to 1 January, 1970. With these distinguishing features present, their value as authority in deciding the instant case is greatly diminished.

In determining the validity of TR. 4.4(A) there is a recognition that the twin requirements of "minimum contact" and "adequate notice" must be observed. Both are present in a manner deemed by us to be more than sufficient to satisfy 14th Amendment due process.

Noting that the alleged act here under consideration took place in Monroe County, Indiana, a greater amount of "minimum contact" is present than delivering an insurance contract and mailing premiums (*McGee* v. *International Life Ins. Co.* [1957], 355 U.S. 220, 78 S. Ct. 199, 2 L. Ed. 2d 223) ; negligent skiing (*McKennis* v. *Callingwood*, U.S. D.C. Vt. 55 F. R. D. 156, decided 13 April, 1972) ; or continued use of a confusingly similar trade name (*Technical Publishing Co.* v. *Technology Publishing Corp.* [1972], 339 F. Supp. 225), to cite but a few examples.

Insofar as "adequate notice" is concerned the form and content used in this case is the same as used on Indiana residents and would appear to be more than adequate to advise the defendant of the nature of the case.

Neither are we inclined to agree with the defendant's contention that the application of TR. 4.4(A) cannot be applied retroactively in this case. The statute of limitations for this type of action is two years. IC 1971, 31-4-1-26, Ind. Ann. Stat. § 3-647 (Burns 1968). The birth date of the twins was the 10th of April, 1969. To require a dismissal of the original cause, only to be reinstituted, would be a useless act which would not change the substantive rights of the parties as it applies to jurisdiction or process. TR. 84 further provides

application of the new rules in previously filed cases where it is feasible and where it would not work and injustice.

The defendant also advances the theory that personal jurisdiction cannot be avoided on the theory that this is an action in rem. Based upon the *Beckett* cases, *supra*, it is clear that bastardy actions are in personam actions and we are of the opinion that such remains the case, however, the clear intent of TR. 4.4 (A) is to allow extra-territorial service of process in in personam actions. This would make any justification of service, based on an in rem theory, unneeded.

Defendant directs further arguments at utilization of the fiction of implied consent for acquiring jurisdiction over the defendant as in the non-resident motorist cases. Utilizing the rationale of a landmark implied consent case, *Hess* v. *Pawloski* (1927), 274 U.S. 352, 47 S. Ct. 632, 71 L. Ed. 1091, we are of the opinion that under an exercise of the power "to protect our citizens" there is sufficient cause to hold that implied consent to jurisdiction existed.

We are, therefore, of the opinion that the defendant in this cause was lawfully and properly served.

Another major contention presented by the defendant is that he was denied due process of law (Art. 1, § 12 Constitution of Indiana and Amend. 14, § 1 Constitution of the United States) for the reason:

> "Defendant was shown by evidence to be a non-resident of the State of Indiana and the Court ruled that it had jurisdiction of the person but refused to call warrants issued prior to trial and thereby prevented defendant from entering this State to prepare his defense and prosecute his case;"

Bearing in mind that paternity suits are civil in nature (*Cohen* v. *Burns* [1971], 149 Ind. App. 604, 274 N. E. 2d 283), and that the court may opt between a summons or a warrant (IC 1971, 31-4-1-13, Ind. Ann. Stat. § 3-635 [Burns 1968]), we are of the opinion that the out-

standing warrants, after service of summons was accomplished, served to deny the defendant the right to be fully heard in court, and was, therefore, a denial of due process of law.

There was obvious error in that both summons and warrants existed concurrently. IC 1971, 31-4-1-13, Ind. Ann. Stat. § 3-635 (Burns 1968) does not contemplate such a situation, for it specifically relates that a warrant be issued *in lieu* of a summons, but more importantly the plaintiff effectively erected barriers of sufficient strength to keep the defendant from fully presenting his case, i.e., participation in blood testing, assisting counsel in cross-examination, and testifying in his own behalf, unless he subjected himself to the possibility of the now needless sanctions of incarceration and all that is entailed therein.

Readily concurring in the observation that denial of due process in civil proceedings is "not readily definable with precision" (I. L. E., *Constitutional Law*, § 216, p. 524) we do recognize that the right to be heard is an essential ingredient, *State ex rel. Red Dragon Dinner, Inc.* v. *Superior Court of Marion County* (1959), 239 Ind. 384, 158 N. E. 2d 164. Going one step further the provision of a "fair opportunity" to be heard is necessary. *Falendar* v. *Atkins* (1917), 186 Ind. 455, 114 N. E. 965.

On two occasions the court specifically refused or failed to recall the outstanding warrants after a ruling that service had been made on the defendant. The ruling that service had been successful destroyed any legal efficacy of the warrants and the only remaining value they could have would be that of vindictiveness or harassment.

Plaintiff, by way of justification, points out that a warrant is considered dead by the sheriff's office after the expiration of a certain length of time, therefore, they were a nullity. As a matter of local practice this may be true, but insofar as a rule of law is concerned we are not aware that such is the case and may, indeed, be contrary to law.

Lest this holding be misconstrued, the issuance of either a summons or a warrant is proper as provided by law. It is where, as under the facts of this case, the warrant serves no further legal purpose that its continued existence amounts to a denial of due process.

Holding as we have it will be unnecessary to discuss the remaining errors with but one exception. Defendant raises the question that there was no proof of service upon the defendant predicated on the fact that there was no file mark by the clerk's office pursuant to TR. 4.15 (B) and (C), as well as TR. 77, nor was there any evidence given as to service at the trial. This question can be resolved by the trial court through an evidentiary hearing.

This cause is reversed and remanded for further proceedings not inconsistent with this opinion.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported in 286 N. E. 2d 427.