IN THE MATTER OF THE PATERNITY OF BETTY ANN ATTERBURY.

[No. 1-173A13.  Filed March 22, 1973.]

*Malcolm H. Aukerman*, Prosecuting Attorney, Vermillion County, for appellant.

*James P. Savage*, of Clinton, for appellee.

LOWDERMILK, J.—This action was commenced May 28, 1968, by the filing of the mother's verified petition to establish paternity of the minor child of the mother. A summons was issued upon the filing of the petition and the named defendant did not appear of record but called on the Prosecuting Attorney who had filed the petition and asked for time. This information was relayed to the Judge of the Court who said that time would be granted. However, there was no record made of this entry but the Prosecuting Attorney filed his affidavit to that effect with his motion to correct errors.

Thereafter, on May 10, 1972 the State filed a written motion requesting the named defendant to appear before the court so that a trial date could be set. At the request of the court on May 11, the State did on May 15, 1972, file a brief setting forth what the State thought should be set forth in the pleadings and the responses made thereto.

Thereafter, on May 24, 1972, the court ordered an alias summons to the defendant, returnable June 26, 1972, and ordering him to answer petitioner's complaint.

Defendant failed to appear and file answer and on June 29, 1972 the State filed a written motion requesting the court to take proper action to force the defendant into court. Thereafter, on July 3, defendant appeared by his counsel which appearance was followed on July 6, by the State filing a written motion requesting the defendant to file a responsive

pleading. Then, on July 10, 1972 the court ordered the defendant to answer on or before July 28th of that year.

On August 1, 1972 the defendant filed a Motion to Dismiss under Criminal Rule 4 for the reason that said cause had been pending against defendant since May 28, 1968 and no action was taken further on said petition until May 17, 1972 and no delay had been occasioned by the action of the defendant.

The memorandum attached to the motion set forth that a paternity action is quasi criminal and is bound by criminal rules and that the State's failure to pursue this case subjected it to dismissal under Criminal Rule 4.

Thereafter, on August 8, 1972, the State filed their reply to defendant's motion to dismiss relating facts which are more or less set out by the pleadings hereinabove referred to in this opinion and pointing out that Criminal Rule 4 did not apply in a paternity case and called the court's attention to the paternity statutes as set out in Burns Ind. Stat. § 3-601 through § 3-658 and prayed that defendant's motion be overruled and defendant be ordered to appear and stand trial.

Oral argument was had on the Motion to Dismiss and the motion was sustained on October 12, 1972 and the action dismissed.

Petitioner through her attorney did on November 10, 1972 file Motion to Correct Errors which specifications provide that dismissal under Criminal Rule 4 is contrary to law in that an action to establish paternity is not criminal and that the trial court must proceed under the Indiana Rules of Trial Procedure; and un-corrected errors at law, including the failure of the trial court to require the defendant to file an answer within the allotted time.

The Motion to Correct Errors was overruled by the court and this appeal follows.

Appellant first contends that the decision to discharge under Criminal Rule 4 is contrary to law in that an action

to establish paternity in the State of Indiana is not criminal but civil in nature and as such the court must proceed under the Indiana Rules of Trial Procedure.

A review of this question establishes that Indiana has adopted with certainty the rule that a proceeding to establish paternity under children born out of wedlock acts has essentially been declared to be a civil action.

In the case of *Thomas* v. *Farr* (1965), 137 Ind. App. 269, 207 N.E.2d 650, this court said:

"Proceedings to determine paternity are civil actions and the paternity of a child need only be proved by a preponderance of the evidence and not beyond a reasonable doubt . . ."

In the case of *Cohen* v. *Burns* (1971), 149 Ind. App. 604, 274 N.E.2d 283, this court said:

"It is the well recognized fact that paternity suits are civil in nature in which a preponderance of the evidence is required to establish the affirmative issue. (Cases cited omitted.)"

In a case so late as August 23, 1972, *Neill* v. *Ridner*, 153 Ind. App. 149, 286 N.E.2d 427, Judge Robertson passing upon the question of trial procedure in paternity cases said:

"Bearing in mind that paternity suits are civil in nature *Cohen* v. *Burns* (1971), Ind. App., 274 N.E.2d 283, . . ." See also; *Beamen* v. *Hedrick* (1970), 146 Ind. App. 404, 255 N.E.2d 828.

From the cases above cited and from which we have quoted determining that paternity actions are civil in nature and shall be handled under the civil code, we must necessarily come to the conclusion that, when the trial court determined that the paternity statute came under criminal rules of procedure, its ruling was contrary to law.

Judgment reversed and cause remanded to the trial court for trial on the merits.

Robertson, P.J. and Lybrook, J., concur.