O. Q. *v.* L. R.

[No. 1-1074A163. Filed May 19, 1975.]

*James R. Cotner, Cotner, Mann & Chapman,* of Bloomington, for appellant.

*Ira B. Zinman,* of Bloomington, for appellee.

LYBROOK, J.—This is an appeal from a judgment awarding support for a minor child born out of wedlock. Plaintiff commenced the action by filing her verified petition to compel support pursuant to IC 1971, 31-4-1-9 (Burns Code Ed., Supp. 1974). Following a hearing, the referee of the juvenile division found defendant to be the father of plaintiff's child. Defendant was ordered to pay plaintiff's attorney fees, costs of the action, and monthly support payments in the sum of fifty dollars. The findings and order of the referee were approved by the judge of the circuit court. Thereafter, defendant filed his motion to correct errors which was overruled, and this appeal followed.

The following issues are presented for review:

(1) Whether defendant should be deemed to have waived his right to appeal due to his failure to move for new hearing within thirty days following entry of the finding of paternity.

(2) Whether there was sufficient evidence to sustain the finding of paternity.

## I.

Plaintiff submits that the party aggrieved by a decision in an action to compel support must move for a new hearing within thirty days of the decision as a condition precedent to an appeal. She contends that defendant's failure to file such a motion within thirty days following entry of the finding of paternity in the case at bar must be deemed to have resulted in a waiver of his right to appeal. The statute upon which plaintiff relies is found at IC 1971, 31-4-1-18 (Burns Code Ed.) and provides:

> "If the finding of the court, or the verdict of the jury, be for or against the defendant, the party aggrieved thereby may file a motion for a new hearing within thirty [30] days after such finding or verdict. The alleged father may be required to give bond or be held until such motion is disposed of; and if a new hearing is granted he may within the discretion of the court remain bound or held until the matter is finally adjudicated. Otherwise the procedure on appeal shall be the same as is provided for by law and rules for appeal for civil cases."

Defendant counters by arguing that the statute upon which plaintiff relies has been superseded by the Indiana Rules of Civil Procedure and that his right to appeal was preserved by his motion to correct errors filed within the sixty day period prescribed by Ind. Rules of Procedure, Trial Rule 59(C).

With respect to the scope of the Rules of Civil Procedure, Ind. Rules of Procedure, Trial Rule 1 provides as follows:

> "Except as otherwise provided, these rules govern the procedure and practice in all courts of the state of Indiana in *all suits of a civil nature* whether cognizable as cases at law, in equity, or of statutory origin. They shall be construed to secure the just, speedy and inexpensive determination of every action." (Emphasis added.)

Additionally, Ind. Rules of Procedure, Trial Rule 2 provides that "there shall be one (1) form of action to be known as 'civil action.'" In its order adopting the Rules of Civil Procedure our Supreme Court provided:

"4. The rules appended to this Order shall supersede all procedural statutes in conflict therewith."

This court has recently held that paternity actions are civil in nature, *Cohen* v. *Burns* (1971), 149 Ind. App. 604, 274 N.E.2d 283, and, thus, applied the Indiana Rules of Procedure to such actions. *Houchin* v. *Wood* (1974), 162 Ind. App. 76, 317 N.E.2d 911; *Buher* v. *Johnson* (1973), 155 Ind. App. 693, 294 N.E.2d 625; *Neill* v. *Ridner* (1972), 153 Ind. App. 149, 286 N.E.2d 427.

Our Supreme Court considered the effect of the Rules of Civil Procedure on a procedural statute similar to the provision relied upon by plaintiff in the case at bar in *City of Mishawaka* v. *Stewart* (1974), 261 Ind. 670, 310 N.E.2d 65. The case stemmed from a disciplinary proceeding before the City Board of Public Works and Safety against Stewart, a member of the fire department, pursuant to IC 1971, 18-1-11-3 (Burns Code Ed.). Stewart sought and obtained judicial review of the board's decision in the Circuit Court. That court vacated the order of the board dismissing Stewart and ordered his reinstatement. The city filed a motion to correct errors in the Circuit Court, and following an adverse ruling thereon appealed to this court. We reversed the decision of the Circuit Court in *City of Mishawaka* v. *Stewart* (1973), Ind. App., 291 N.E.2d 900. The Supreme Court granted Stewart's petition to transfer and affirmed the decision of the Circuit Court. Stewart argued both in this court and the Supreme Court that the city had not properly perfected its appeal due to its failure to file a petition for rehearing in the Circuit Court within ten days following that court's decision as provided by IC 1971, 18-1-11-3, *supra*. Upon that issue, the Supreme Court adopted the opinion of this court wherein Judge Sharp wrote:

"The question now becomes whether the necessity of a Motion to Correct Errors obviates the need for a Petition for Rehearing as contemplated by § 48-6105, or whether both are required before the appeal is properly perfected. The Petition for Rehearing is not required by the Indiana Rules of Procedure. As was pointed out earlier, the petition

for rehearing was originally intended to be in lieu of an appeal from the decision of the trial court. Since an appeal is now permitted and, further, since the procedure for such an appeal is governed by the Indiana Rules of Procedure, the Petition for Rehearing serves no useful purpose and should not be considered a condition precedent to the perfection of an appeal. We hold that the Indiana Rules of Procedure requiring the filing of a motion to correct errors has superseded the requirement of § 48-6105 for the filing of a petition for rehearing."

We believe the rationale employed in the above decision is equally applicable in the case at bar and, therefore, hold that IC 1971, 31-4-1-18, *supra,* has been superseded to the extent that it could be construed to require the filing of a petition for a new hearing as a condition precedent to appeal. Defendant's right to appeal was preserved by his timely filed motion to correct errors, and we therefore proceed to a determination on the merits.

## II.

Defendant challenges the sufficiency of the evidence to sustain the trial court's finding of paternity.

Defendant concedes that our standard of review permits us neither to weigh conflicting evidence nor resolve questions of credibility of witnesses. He further recognizes that we are limited to examining the evidence in a light most favorable to the appellee to determine whether there is any substantial evidence of probative value to support the decision of the trial court.

Plaintiff and defendant first met at the residence of a third party. Plaintiff testified that she was positive that this meeting occurred on November 8, 1972, since that was the first day of coon season and defendant and another person planned to go coon hunting later that night. After remaining at the residence of the third party for approximately one hour, plaintiff and defendant departed in plaintiff's automobile and drove to defendant's house where an act of intercourse occurred. Shortly thereafter, plaintiff and defendant returned

to the residence where they had met so that defendant could get his truck. After this initial encounter, plaintiff and defendant dated several times and had sexual relations on some of these occasions. Defendant admits the act of sexual intercourse on the evening of his first meeting with plaintiff, questioning only the date on which the meeting occurred. He testified that November 18, 1972, was the date of their first meeting.

Plaintiff testified that she had not engaged in sexual relations for approximately two to three months prior to her first meeting with defendant, and that between November 8, 1972, and January 5, 1973, she did not have sexual relations with any person other than the defendant. She further testified that she was not using birth control pills on the night that she first met defendant.

On January 12, 1973, plaintiff visited a doctor for a physical examination. Pursuant to this examination, the doctor confirmed that plaintiff was approximately two months pregnant at that time and specified November 3, 1972, as the probable date of conception. Plaintiff gave birth to a male child on July 23, 1973. Delivery was induced four days prior to her expected date of delivery.

Defendant correctly directs our attention to the requisite standard of proof for establishing paternity as stated in *Roe* v. *Doe* (1972), 154 Ind. App. 203, 289 N.E.2d 528:

> "While in a paternity action the burden is on the mother to prove that the defendant is the father of the child, the testimony of the mother regarding an act of sexual intercourse with the defendant, coupled with the *probability* of pregnancy is sufficient to support a determination that the defendant is the father of the child. *Beaman* v. *Hedrick,* ([146] Ind. App. [404] 1970) 255 N.E.2d 828; *Goldman* v. *State ex rel. Thomas,* (1935) 101 Ind. App. 147, 198 N.E. 450. The mere *possibility* of a pregnancy, however, is not sufficient to establish paternity. Judge Sullivan in *Beaman* v. *Hedrick, supra,* put it this way:
>
>> 'An act of intercourse coupled with the *probability* of conception at that time will support a determination of paternity. An act of intercourse plus the *possibility* of

conception, however, as a matter of law, cannot serve to support such determination.' " (Original emphasis.)

In the case at bar, plaintiff's doctor estimated that "the *probable* date of conception was November 3, 1972." The evidence most favorable to the appellee establishes that plaintiff and defendant had intercourse on November 8. Defendant seizes upon this five day time differential arguing that it reduces to a mere *possibility* the likelihood that he fathered plaintiff's child. This argument, however, is little more than one of semantics, resting solely upon the doctor's choice of terms in rendering his opinion. We are unable to accept defendant's restrictive interpretation of the doctor's opinion.

Defendant's reliance on *Beaman* v. *Hedrick* (1970), 146 Ind. App. 404, 255 N.E.2d 828 is misplaced. The determination that the evidence therein supported only a *possibility* of paternity hinged upon medical testimony of whether the plaintiff's child, given its development at birth, could have been produced in the relatively short period of gestation revealed by the evidence. The period of gestation in the case at bar falls well within the normal range of probability. See, *E——. F——.* v. *G——. H——.* (1972), 154 Ind. App. 629, 290 N.E.2d 795.

Plaintiff's evidence that she had intercourse with defendant near her doctor's estimated date of conception, coupled with her testimony that she did not have sexual relations with any other person during that period of time, is clearly sufficient to sustain a finding of paternity.

Defendant having failed to demonstrate reversible error, the judgment of the trial court must be and is hereby affirmed.

Affirmed.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 328 N.E.2d 233.