643 N.E.2d 367 (1994)
In the matter of the Paternity of R.L.W.
Juanita Marie Danforth, Appellant,
v.
R.L.W. BY NEXT FRIEND: RONNIE LEE WHITEHEAD
RONNIE LEE WHITEHEAD, Appellee.
No. 49A02-9402-JV-52.
Court of Appeals of Indiana, First District.
November 29, 1994.
Rehearing Denied January 30, 1995.
*368 Edward S. Adams, Indianapolis, for appellant.
Lance Wittry, Indianapolis, for appellee.

OPINION
ROBERTSON, Judge.
Juanita Marie Danforth [Mother] brings this interlocutory appeal of the denial of her motion to dismiss the paternity action filed by the putative father, Ronnie Lee Whitehead [Putative Father]. Mother raises two issues, neither of which constitute reversible error.

FACTS
The facts in the light most favorable to the trial court's determination reveal that the child who is the subject of this paternity action continuously resided with Mother and Putative Father at their Indianapolis, Indiana residence from the time of his birth on October 23, 1991 until early 1993, when Mother left the home with the child. The child was named after Putative Father, having the same first, middle, and last name as Putative Father.
After leaving home with the child, Mother initially went to stay with her parents [Grandparents]. She then fled to an unknown location in Florida with the child.
Putative Father filed the instant paternity proceedings soon after Mother had left the state. The summons and complaint was sent to Grandparents' home as the last known address of Mother. Mother received actual notice of these proceedings as an attorney promptly entered an appearance on her behalf. In an attempt to frustrate service of process, Mother and her attorney have steadfastly refused to divulge Mother's whereabouts despite being fully aware of all events in these proceedings.
Mother contested the court's jurisdiction and the sufficiency of the service of process. Putative Father then effected service by publication as prescribed under Ind.Trial Rule 4.13.
After a hearing, the trial court denied Mother's motion to dismiss for lack of jurisdiction and insufficient service of process. This interlocutory appeal ensued.

DECISION

I. Jurisdiction
Mother first asserts the trial court lacks jurisdiction under the Uniform Child Custody Jurisdiction Law [UCCJL or UCCJA] to entertain these proceedings. Specifically, Mother relies on Ind. Code 31-1-11.6-3 which reads in pertinent part as follows:
Jurisdiction. (a) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(1) this state ... (B) had been the child's home state within six (6) months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other *369 reasons, and a parent or person acting as parent continues to live in this state;

* * * * * *
(c) Physical presence of the child, while desirable, is not prerequisite for jurisdiction to determine his custody.
(Emphasis added). Mother concedes that, for the purposes of the UCCJL, Indiana is the child's home state. Mother argues, however, that Putative Father cannot qualify as either "a parent" or "person acting as parent" under the UCCJL, and therefore, the trial court lacks jurisdiction over this case. Mother correctly asserts that Father cannot qualify as a "person acting as a parent" as defined under I.C. 31-1-11.6-2(9) because he does not have physical custody of the child.
Mother argues that Putative Father is not a "parent" because he is merely the putative father, has never been married to mother, and paternity has never been established by legal proceedings. The purpose of the adoption of the UCCJA in 1968 was to remedy the intolerable state of affairs in child custody disputes that had existed where self-help and the rule of "seize-and-run" prevailed rather than the orderly processes of the law. Ruppen v. Ruppen (1993), Ind. App., 614 N.E.2d 577. Mother's attempt to use the UCCJL as a shield for her "seize and run" strategy in denying Putative Father his rights is not well-taken.
A putative father, who had been treated as the father by the children's mother, had been in physical custody of the children, had acknowledged the children as his own, and had contributed to their support, was held to be a "parent" under the UCCJA in In Re Estate of Patterson (1983), Mo. App., 652 S.W.2d 252. The Patterson court noted that the "[putative father's] rights to the children should not be foreclosed solely because he was not married to their mother." 652 S.W.2d at 256.
We have held that where a child is conceived and born in Indiana, an Indiana court has jurisdiction under T.R. 4.4(A)(2) to establish paternity. Neill v. Ridner (1972), 153 Ind. App. 149, 286 N.E.2d 427. We held further that the exercise of jurisdiction in a paternity case was justified `to protect our citizens.' Id. 286 N.E.2d at 430.
In the present case, Putative Father filed the instant paternity action; he obviously acknowledges the child as his own. Also, the child bears his name and had resided with Putative Father and Mother shortly before Mother took the child and fled from the state. Father has filed this action to establish his paternity and may not be denied his right to have an opportunity to have his paternity established merely because his paternity had not been established previously. We have no hesitation in concluding that Putative Father is a "parent" for the purposes of the I.C. 31-1-11.6-3(a)(1)(B) and that the trial court has jurisdiction over the present case.

II. Service of Process
Mother argues that Putative Father's service by publication was insufficient. In this argument, Mother has ignored 1) that Father attempted to effect personal service at Grandparents' house, Mother's last known address, and 2) that such service provided Mother with actual notice of the present proceedings. Again Mother's argument is not well-taken.
Due process requires that a party select a method of notice reasonably calculated to afford the defendant actual notice and thus an opportunity to be heard. Smith v. Tisdal (1985), Ind. App., 484 N.E.2d 42. The Indiana Rules of Trial Procedure provide for service by publication when the person to be served cannot be served personally, cannot be found, has concealed her whereabouts, or has left the state. Id.; T.R. 4.5, 4.9(B)(3), 4.13.
The sufficiency of notice will vary with the circumstances: in some cases it may not be reasonably possible to give personal notice. Mueller v. Mueller (1972), 259 Ind. 366, 287 N.E.2d 886. If the service of process is reasonably calculated to inform, that the party served lacks actual knowledge of the lawsuit does not defeat the jurisdiction acquired by such service. Storm v. Mills (1990), Ind. App., 556 N.E.2d 965. However, the actual knowledge of the person served is relevant and probative to an inquiry into the likely efficacy of the service employed. Id.
*370 In Mueller, 287 N.E.2d 886, our supreme court held that where the mother had left the state (and had concealed her and the children's whereabouts), and the father had made a diligent search for the mother and had attempted to personally serve the mother at her parents' home, the father's service by publication was sufficient. 287 N.E.2d at 890. Accord Bays v. Bays (1986), Ind. App., 489 N.E.2d 555; Milosavljevic v. Brooks, (N.D.Ind. 1972), 55 F.R.D. 543.
In the present case, Mother and her attorney have deliberately concealed Mother's (and the child's) whereabouts. Putative Father attempted to personally serve Mother at her last known address. This service provided Mother with actual notice of these proceedings. Father effected service by publication as prescribed by T.R. 4.13. The trial court did not err in determining the service provided in this case was sufficient.

CONCLUSION
We affirm the trial court in all respects. Under Ind.Appellate Rule 15(G), we assess damages against Mother in the amount of $1,000.00 and remand for execution. We also instruct the trial court to consider whether Mother should be subjected to contempt proceedings under T.R. 4.16.
SHARPNACK, C.J. and KIRSCH, J., concur.