CRAWFORD COUNTY STATE BANK v. ERNST STEGEMANN, Appellant.

Negotiable instruments: CONSIDERATION. A note given in settle- ment for checks of equal amount which were dishonored by the bank on which they were drawn is supported by a suffi- cient consideration, where the maker received a part of the amount in cash, a part in credit and the balance was applied on his valid obligation.

*Appeal from Crawford District Court.*— HON. F. M. POW- ERS, Judge.

WEDNESDAY, JANUARY 15, 1908.

SUIT on a note. Defense, want of consideration, fraud, misrepresentation, and duress. Trial to the court without a jury, and judgment for the plaintiff. The defendant ap- peals.— *Affirmed.*

*Mayne & Hazelton,* for appellant.

*Connor & Lally,* for appellee.

SHERWIN, J.— The note in suit was given under the following circumstances: On the 30th of March, 1904, the defendant was indebted to one Tabor on a note in the sum of $67.50. He was also indebted to Tabor on a mortgage in the sum of $2,000, together with interest in the sum of $50. On the same day he gave Tabor a check for $1,317.60, $1,200 of which was to be applied on the principal of the mortgage. Fifty dollars was for interest thereon, and $67.50 to pay his note. On the same day he gave the plaintiff herein a check for $106.47 on which he received cash. Both of these checks were drawn on the Buck Grove Bank of Buck Grove, Iowa. Tabor on the same day deposited his check in plaintiff bank for collection, and was given credit therefor. On the same day both checks were sent by plaintiff to the Council Bluffs Savings Bank, of Council Bluffs, Iowa, for collection. On March 31, 1904, the Council Bluffs bank sent the checks to the Buck Grove Bank for collection. On April 1st the Buck Grove Bank drew a check on the Commercial National Bank of Council Bluffs for the amount of the defendant's checks; and sent the check to the last-named bank, with instructions to pay the Council Bluffs Savings Bank the amount of the two checks given by the defendant. The Buck Grove Bank did not have sufficient funds on deposit in the Commercial National Bank to pay the sum, and did not pay anything thereon. The cashier of the Buck Grove Bank canceled the defendant's checks as paid, and returned them to him. Thereafter the plaintiff's correspondent in Council Bluffs notified it that the checks had not been paid, and on the 5th of April the plaintiff wrote the defendant a letter informing him of the nonpayment of his checks, and saying that he must look after the matter, or he would be held for their payment. On the next day, upon receipt of this letter the defendant called upon the plaintiff at its place of business in Denison, Iowa, and executed the note in suit in settlement of the following items: $50.10, interest due Tabor on the mortgage; $67.50, due him on the note; and $106.47, re-

ceived in cash from the plaintiff on his check for that amount. He also at the same time gave Tabor a writing showing that he was still liable for the full amount of the mortgage in question. The appellant insists there was negligence in presenting the two checks for collection; and because thereof there can be no recovery in this action: First, because there was want of consideration for the note in suit; and, second, because of the alleged negligence.

It may be conceded for the purposes of this case that the evidence tends to show negligence on the part of the plaintiff in presenting the checks for collection. But, even if this be so, the defendant cannot avail himself of such negligence under the issues presented here. On the issue of want of consideration the defendant is without a case, because, as to a part of the amount included in the note and for which it was given, he actually received the money from the plaintiff, and, as to the remainder, he received credit from Tabor for a part thereof and paid a valid obligation with the balance. In other words, he gave the note in suit in place of the checks covering the same amount, which had been dishonored by the bank on which they were drawn. There is no allegation that the checks were received by Tabor and the plaintiff in absolute payment of the amounts represented by them; and it is a familiar rule that the acceptance of a check or note for a debt does not operate to extinguish the debt, unless it be so expressly agreed. Moreover, the acts of the defendant in settling the matter as he did after he received the plaintiff's letter of April 5th clearly negatives any claim of the kind. No fraud or misrepresentation is proved or urged. On the question of duress, the trial court found against the appellant, and the finding has the support of the weight of the evidence on the subject. These are all of the defenses plead. If the plaintiff was in fact negligent in presenting the checks for payment and the appellant has suffered loss on account thereof, his remedy is not to be had in a defense pure and simple to the note in

suit, but in another form of action.    He elected to settle as he did, so far as the claims involved here are concerned, and by such election he is bound.

The appellee filed an additional abstract, and this the appellant moves to strike and to tax the costs thereof to the appellee.    The motion is overruled, but, as the additional abstract contains some unnecessary matter, one-half of the cost of printing same will be taxed to the appellee.

The judgment is *affirmed*.