FRANKS v. STATE.
6 Div. 660.

Court of Appeals of Alabama.
May 14, 1935.

Frederick V. Wells, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The prosecution was begun by affidavit in the juvenile court of Jefferson county, and charged the defendant under section 4480 of the Code of 1923 with having failed to provide for his infant child, etc. The child was born to a married woman, and while her husband was still living. But the testimony for the state tends to prove that the child was a bastard and that this defendant is its natural father. This being the case, whatever may have been the law relative to such cases prior to the adoption of the Code of 1923, if he is in fact the father of the child, and he fails to support such child, it being in necessitous circumstances, he is subject to prosecution under the above section. Patterson v. State, 23 Ala. App. 342, 127 So. 792.

The bill of exceptions fails to state that it contains all, or substantially all, of the evidence adduced on the trial, in the absence of which this court will presume a state of facts sufficient to justify the court's rulings on requested charges based upon a consideration of the evidence. So. Ry. Co. v. Wyley, 200 Ala. 14, 75 So. 326; 2 Ala. and So. Digest, Appeal and Error ☞928 (3). This precludes this court from passing on any charge based upon a consideration of the evidence. Fayet v. St. Louis & S. F. R. Co., 203 Ala. 3, 81 So. 671. The foregoing disposes of defendant's refused charges 1 and 25.

In the taking of the testimony, the court by its rulings limited the inquiry as to intercourse of prosecutrix with other men within a period of 9 months prior to the date of the birth of the child. In Kerzog's Work on Medical Jurisprudence, par. 956, it is definitely stated that the exact time of uterogestation can never be ascertained with certainty. He then goes on to give the reasons and the result of many scientific observations going to show that the time from the birth of the child to the time of coitus may vary from 260 to 301 days. Dr. Reid, an eminent specialist, writing on the subject, observes that, in 500 cases under observation, in 283 cases the period of gestation was 280 days and in the remainder the time was longer than that. So that, in the investigation as to when the child involved in this case was begotten, the time should be extended to at least 301 days from the date of birth. The court made several rulings, and a number of statements before the jury confining the testimony tending to prove intercourse by complainant with other men to 9 months or 280 days from the birth of the child, and in these rulings he committed error.

The child in this case was born to the Chapman woman and admittedly conceived while she was legally the wife of Lenzie Chapman. It was shown without dispute that during December, January, and February, prior to the birth of the child in October, Lenzie Chapman was in Birmingham, and there was some evidence tending to prove that the husband was seen in and about the wife's apartment.

A child born in lawful wedlock is presumed to be legitimate until the contrary is properly proven by the party who denies legitimacy, and the burden rests upon the one interposing the denial. Sims v. Birden, 197 Ala. 690, 73 So. 379, 744; 7 Corpus Juris, 943 (9) B. The defendant in this case is entitled to the benefit of the above presumption. In other words, the burden rests upon the state to prove beyond a reasonable doubt that the procreation by the husband was impossible, and, if it fail in this, the defendant here would be entitled to an acquittal.

Under the old common law, if the husband was shown to have been "within the four seas" within a stated period, and was capable of begetting issue, the wife's child was allowed to be legitimate, and, while modern judicial decisions have modified the above rule so as to make the question of legitimacy one of fact, neither in old nor in modern times has it ever been allowed just or reasonable to hold a child bastard unless there is no judicial escape from that conclusion. Nelson v. Jones, 245 Mo. 579, 151 S. W. 80. Warren v. State (Ala. App.) 158 So. 770. So that, notwithstanding the modern rule as to the legitimacy of children, the presumption of legitimacy remains one of the highest known to the law and not to be overcome except upon the highest proof; otherwise, if the question was open to attack to be sustained by a mere preponderance of the evidence, the right of inheritance, the integrity of blood, the pride of ancestry, and its just sense of honor would all depend upon the most dubious of titles. The above is paraphrased from the opinion in

Sergent v. North Cumberland Mfg. Co., 112 Ky. 888, 66 S. W. 1036, which we adopt as our views on the subject.

This legitimacy of children continues, although a voluntary separation of the husband and wife be shown and they live apart, unless the contrary be proven by clear and convincing evidence. 7 Corpus Juris 942, (7) 3.

In the admission of testimony on the question of the legitimacy of children, the admissions of either spouse should be admitted with great care. It is laid down as a general rule that the admissions of husband or wife concerning children born in wedlock are inadmissible to establish illegitimacy of such children. 7 Corpus Juris, 944 (12). This rule is sustained by many decisions in this country and in England, and the reason for its existence is obvious. In the case of Koffman v. Koffman, 193 Mass. 593-596, 79 N. E. 780, Braley, J. observes: "It is well settled that the declarations of either parent are inadmissible to show that children born after marriage are illegitimate"; and in Scanlon v. Walshe, 81 Md. 118-131, 31 A. 498, 500, 48 Am. St. Rep. 488, the Maryland court quotes with approval the expression of Lord Mansfield in Goodright v. Moss, 2 Camp. 594, where he says: "It is a rule founded in decency, morality, and policy that the father and mother shall not be permitted to say after marriage that their offspring is spurious." The Iowa Supreme Court speaks with the same emphasis on the subject in the case of Wallace v. Wallace, 137 Iowa, 13, 114 N. W. 527, 14 L. R. A. (N. S.) 544-547, 126 Am. St. Rep. 253, 15 Ann. Cas. 761. To these might be added many more opinions of many judges in many jurisdictions. We are in accord with these decisions, and hold that the mother may not testify to prove the illegitimacy of a child born during wedlock. But this does not mean that a spouse may not give testimony tending to show the offspring to have been begotten by a third person. She may testify to circumstances from which nonaccess and impossibility of parenthood may be inferred, but she may not testify that her spouse is not the father.

In the taking of the testimony in this case, there were numerous rulings and remarks of the judge in the presence of the jury not in line with the foregoing opinion, to which exceptions were taken. These rulings constitute reversible error and for these errors the judgment is reversed and the cause is remanded.

Reversed and remanded.