FAULKNER, Justice.
This is an appeal from an order dismissing a petition filed by Shirley Lewis Rumlin praying for a sale of land, and division of the proceeds. We affirm.
To get the facts of this case in proper perspective, they must be stated in chronological order.
First, the maiden name of the mother of Shirley Lewis Rumlin was Lillie Mae Edwards. She was born in 1919. In 1939 or 1940 Lillie Mae married Willie Smith, and they lived together as man and wife in Tampa, Florida for about one year. The death of Smith terminated this marriage.
Second, Lillie Mae left Tampa, and on January 22, 1945, married Leroy Gainey, Jr., in Dothan, Alabama. They lived together in Dothan and Hattiesburg, Mississippi. Gainey, a soldier, was sent to the Pacific Theatre of War by the U. S. Army. He was there on V.J. Day, and shortly thereafter, returned to the States. When he returned, as Lillie Mae testified, “he went one way and I went another.”
Third, although Lillie Mae never divorced Gainey, she did remarry — a John Victor Reese of Donaldsville, Georgia, on August 19, 1949. Meanwhile, on January 31, 1949, Lillie Mae gave birth to a child — Shirley, the appellant here.
Shirley alleges that she is the daughter of Clarence W. Lewis, who.died intestate on December 25, 1974, owning the property sought to be sold. The defendants’ motion to dismiss the petition was granted by the trial court.
Her documentary evidence to establish that she was the child of Clarence W. Lewis includes (1) a copy of a birth certificate dated June 24, 1949, showing her name— Shirley Faye Lewis, date of birth — January 31, 1949, father — Clarence W. Lewis, mother — Lillie Mae Edwards Gainey; (2) a copy of a declaration of paternity signed by Clarence W. Lewis, witnessed by J. A. Logue, Judge of Probate, and A. E. Johnston, dated and notarized by Evelyn Buie on June 17, 1949. While this declaration was filed with the Department of Health, Bureau of Vital Statistics, it was not spread upon the minutes of the Houston County Probate Court. Live testimony to prove that Shirley’s father was Clarence W. Lewis came from her mother, Lillie Mae Kimball. Other than her testifying about her many marriages, and the homecoming of Gainey, she testified that Clarence W. Lewis was Shirley’s father.
The law concerning the presumption of legitimacy of a child born of a married woman, and rebutting that presumption, has been adequately, stated in Leonard v. Leonard, 360 So.2d 710 (Ala.1978). It would serve no useful purpose to restate that law in this case. There was no evidence introduced to show that Gainey could not have been Shirley’s father. Lillie Mae’s testimony is insufficient to rebut the presumption of legitimacy. Her testimony that Lewis was the father of Shirley was inadmissible. See Leonard at p. 713.
We are left with the question of the effect of the birth certificate and the declaration of paternity. And, in our opinion, they have no effect in the decision of this case. Unlike the situation in Leonard, the declaration of paternity was not spread upon the minutes of the probate court. That is a statutory requirement of § 26-11— *196 2, Code of Ala.1975. But, even so, if this case were one involving the legitimation of a bastard child, rather than one to rebut the presumption of legitimacy, we would not consider that failure to spread to be fatal. Here the Department of Health certified that “the attached Declaration of Paternity is an exact copy of the record filed in this office on June 24,1949.” We do not believe the Department would certify a record that was not filed with it. Moreover, the declaration was witnessed by the probate judge. So, something must have gone awry in the probate office of Houston County.
We conclude by holding that the evidence here is insufficient to rebut the presumption of legitimacy, and affirm the trial court’s order of dismissal on the authority of Leonard.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, JONES, SHORES and BEATTY, JJ, concur.
MADDOX, ALMON and EMBRY, JJ, dissent.