This matter began as a divorce case but developed into an issue of the paternity of a child.
Plaintiff brought petition for divorce. There was no reference to a child in the petition. The plaintiff had a child born in February 1978, while she was married to a prior husband. The defendant moved for the prior husband to be added as a party plaintiff, alleging that there was a question as to which husband of plaintiff was the father of the child. The prior husband, Victor Kabel, appeared and answered that he was the child's father. Defendant filed a counterclaim seeking a determination that he is the father of the child, Anthony Don Kabel.
The evidence disclosed that plaintiff knew Kabel and defendant in the summer of 1977. She had sexual intercourse with defendant in June 1977 and with others in April and May. She did not have sexual intercourse with Kabel in any of those months. She had her menstrual period about the first of June, but had no period in July. She thought she was pregnant thereafter and tests confirmed it. She told defendant he was the father and asked him to marry her. He either refused or told her to wait until he could support her. Plaintiff said defendant denied paternity.
After confirming her pregnancy, plaintiff went to Pensacola and stayed with Kabel, who was in military service, until he returned to Germany. She asked Kabel to marry her, telling him he was the father of her unborn child. She later joined him in Germany and married him in January 1978. The child was born shortly thereafter and was registered as the child of Kabel. The child was born several weeks earlier than its calculated time for birth.
Plaintiff and Kabel returned to this country and were divorced in September 1978. Plaintiff and defendant were married in November 1978.
Plaintiff was required to state, over objection, that she considered defendant was the natural father of her child if it was conceived after her period in June. However, she was told by a doctor in Germany that because of its size, her baby could have been conceived earlier than she thought and not born prematurely as she first thought.
After hearing the evidence orally, the trial judge granted the divorce, found defendant the father of the child and gave its custody to plaintiff. Plaintiff appeals from that part of the judgment finding defendant to be the father of her child.
Two recent cases of our supreme court have dealt extensively with the law of this state as to the issue of paternity of a child born of a married woman. Those cases are Rumlin v. Lewis,381 So.2d 194 (Ala. 1980); Leonard v. Leonard, 360 So.2d 710
(Ala. 1978). Those cases iterated the long-standing rule that a child born of a married woman, no matter when conceived, is presumed to be the legitimate child of her husband. Such presumption may be rebutted by clear and convincing evidence, which tends to show that it is naturally, physically, or scientifically impossible for the husband to be the father. Any evidence which is competent and tends to show that the husband could not be physically or biologically the father is admissible. However, the husband and wife are incompetent to testify that their child is illegitimate. The wife may not give testimony which would establish the illegitimacy of her child born in wedlock, though she may testify as to circumstances from which non-access by her husband and the impossibility of his parenthood may be inferred. The burden of overcoming the presumption of legitimacy is upon the one denying it.
Without consideration of error in the admission of testimony of the plaintiff denying the legitimacy of her own child (such error not being charged on appeal), we find the evidence as to illegitimacy to fall short of the required standard of proof.
It has been said by our courts that the presumption of legitimacy remains one *Page 1021 
of the highest known to law and is not to be overcome except upon the highest proof. It has never been allowed just and reasonable to hold a child a bastard unless there is no judicial escape from that conclusion. Franks v. State,26 Ala. App. 430, 161 So. 549 (1935).
It is clear from the questions put to the mother by the court and its comments upon her response in the last portion of the record, that the decision rendering the child, Anthony Don Kabel, illegitimate, and the child of defendant, is founded upon the conclusion that the child was not carried by the mother for 270 or more days from conception to birth. The court fastened upon the statement of the mother that the child was born some three weeks prematurely on February 2, 1978, to conclude that it must have been conceived at a time in June when only defendant had sexual access to the mother.
Our examination of the total testimony of the mother indicates that she originally considered the child premature because it was born less than nine months after her last menstrual period. After being informed by her doctor that the size of the baby indicated that she may have erred in the calculation of the time of conception, she said she believed it may not have been premature at all, but may have been conceived in April or May when she denied having intercourse with defendant.
The court in Franks held that the trial court erred in limiting testimony as to time of possible conception to a period of nine months or even 280 days prior to birth. It pointed out that time of gestation may vary from 260 to 301 days and in most cases is 280 or more days.
We therefore hold that the proof of illegitimacy of Anthony Don Kabel falls short of the standard established by the cited cases and was thus insufficient to overcome the presumption of his being the child of the marriage of plaintiff and Victor Kabel. We therefore reverse and remand to the trial court.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.