TORBERT, Chief Justice
(dissenting).
I would grant the writ and reverse the Court of Civil Appeals’ judgment, 434 So.2d 254, on the authority of Rumlin v. Lewis, 381 So.2d 194 (Ala.1980), and Leonard v. Leonard, 360 So.2d 710 (Ala.1978). The Court of Civil Appeals held that the presumption that the mother’s husband at the time of conception is the child’s father was rebutted by clear and convincing evidence. This evidence consisted, in part, of testimony of the mother and her husband at the time of conception that they had not had sexual relations- at the probable time of conception. The appellate court determined that this testimony was admissible because it tended to show non-access and impossibility of paternity.
This Court rejected similar arguments in Leonard and Rumlin, supra. Under the standard set out in Leonard v. Leonard, supra, the presumption of legitimacy may be rebutted by clear and convincing evidence which tends to show that it is naturally, physically or scientifically impossible for the husband to be the father. In Leonard, we noted that although the mother *258 may not testify as to the ultimate fact of illegitimacy, she may testify as to circumstances from which non-access or impossibility of parentage can be inferred. 360 So.2d at 713. In Leonard, however, we held that the mother’s testimony that she had not seen her husband for approximately five years prior to the birth of the first child was not sufficient to rebut the presumption of legitimacy. It is my view, therefore, that the testimony of the mother and her husband would not be sufficient to overcome the presumption of legitimacy. Furthermore, evidence proffered by the mother that the appellant was the father of the child was not pertinent to the issue here, because such evidence tends to prove only the possibility of paternity of the appellant and does not tend to rebut the presumption of the paternity of the husband at the time of conception. See Rumlin, 381 So.2d at 195; Leonard, 360 So.2d at 714 (Torbert, Chief Justice, concurring specially).
SHORES, J., concurs.