Based upon the following reasoning, I must respectfully dissent.
A party seeking to determine paternity must have standing to do so. Kendrick v. Everheart, 390 So.2d 53 (Fla. 1980). In order to have standing to determine paternity by way of intervention, the would-be intervenor not only must show that he has manifest substantial concern for the welfare of the child, Kendrick, supra, but he also must affirmatively show a requisite interest in the pending litigation and facts establishing his right to relief. Kennesaw Life AccidentInsurance Co. v. Old National Insurance Co., 291 Ala. 752,287 So.2d 869 (1973). Thus, he must show a claim of interest in the matter being litigated. State v. Colonial RefrigeratedTransportation, Inc., 48 Ala. App. 46, 261 So.2d 767
(Ala.Civ.App. 1971), aff'd sub nom. Ex Parte Windham, 288 Ala. 433, 261 So.2d 772 (1972).
One of the strongest presumptions known to the law is that a child born to a married woman is the legitimate offspring of her husband. Leonard v. Leonard, 360 So.2d 710 (Ala. 1978);Curry v. Curry, 402 So.2d 1019 (Ala.Civ.App. 1981). The measure of proof necessary to rebut this presumption is great, requiring clear and convincing evidence tending to show that it is naturally, physically or scientifically impossible for the husband to be the father. Curry, supra, at 1020. While the common law requirement limiting such evidence to *Page 885 
proof that the husband was incapable of procreating or was absent beyond the realm has been relaxed, Leonard, supra, at 713, the presumption of legitimacy remains essentially irrebuttable. Holt, A Plea For Moderation of Alabama's HarshTreatment of Succession to Parental Property By Illegitimates, 12 Cum.L.Rev. 27 (1981).
Because a husband and wife are incompetent to testify that a child born to them in wedlock is not the husband's offspring, the only evidence sufficient to rebut the presumption of legitimacy is a showing that it was impossible for the husband to have had sexual relations with the wife at the probable time of conception. Leonard, supra, at 713; Curry, supra, at 1020.
On his motion for leave to intervene, Michael Finkenbinder was given adequate opportunity to present evidence tending to rebut the above presumption; however, no such evidence was presented. In fact, the testimony revealed, without dispute, that Karen continued to have sex with Larry Burton throughout the entirety of her affair, including the probable time of Joseph's conception.
The only evidence that Michael presented at trial was directed at proving the likelihood of his paternity, not at disproving the possibility that Larry Burton may be Joseph's father. Although he produced blood tests indicating the probability of his paternity to be 97.1 percent, he produced no evidence showing Larry Burton's lack of access to Karen at the time of conception nor any other evidence precluding Larry Burton from being the biological father.
Without such evidence, I would find that Michael Finkenbinder has failed to rebut the presumption favoring Larry Burton as the father and, thus, has failed to prove either a requisite interest in Joseph's paternity or a right to the relief he now seeks. Having failed to do so, he has no standing to intervene, and I would find no abuse of discretion in the trial court's dismissing his petition at this time.
Furthermore, I would distinguish the present case from Davisv. Sparks, [Ms. May 30, 1984] (Ala.Civ.App. 1984), in which we addressed the presumption of legitimacy and opined that the equal protection clause requires that a putative father be allowed to institute proceedings and present evidence at trial in an attempt to prove his paternity. In that case the putative father's motion for declaratory judgment was dismissed pursuant to a motion to dismiss, without a hearing on the merits. In contrast, Finkenbinder's petition was dismissed after a hearing at which he presented testimony in an attempt to establish his paternity. His petition was denied because he failed to meet the burden of proof. Having received a fair hearing on the merits, Michael Finkenbinder can claim no violation of his right to equal protection of the law.
Lastly, I feel that the majority opinion underestimates the importance of Stewart v. Stewart, 392 So.2d 1194 (Ala.Civ.App. 1980), cert. denied, 392 So.2d 1196 (Ala. 1981), to the instant case. In Stewart, res judicata barred an ex-husband from relitigating the paternity of his ex-wife's child conceived during the marriage when the original divorce judgment recited that the infant was "the minor child of the parties." BecauseStewart prohibits Karen Finkenbinder from injecting the issue of Joseph Andrew Burton's paternity into this custody modification action, I would find that there are no common questions of law or fact to support Michael Finkenbinder's intervention petition under Alabama Rules of Civil Procedure 24 (b).
Insofar as intervention under A.R.Civ.P. 24 (a) is concerned, I cannot agree with the majority's statement that "the matter of custody of a child to which one seeks to establish paternity is a matter of such interest as to provide intervention of right" or their reliance on Stanley v. Illinois, 405 U.S. 645,92 S.Ct. 1208, 31 L.Ed.2d 551 (1972), as relieving the intervenor of his duty under Rule 24 (a)(2) to establish that
 "[he] claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as *Page 886 
a practical matter impair or impede his ability to protect that interest, unless [his] interest is adequately represented by existing parties."
In neither his petition to intervene nor his briefs on appeal has Michael Finkenbinder ever given even a simple example of how his inability to intervene in the present case will in the future, as a practical matter, impair or impede his ability to protect his interests relating to Joseph Andrew Burton's paternity. I can find nowhere during the hearing on Finkenbinder's motion to intervene that he offered any evidence to satisfy 24 (a)(2)'s requirements. Accordingly, I would find that because Michael Finkenbinder failed to satisfy his burden of proof under 24 (a)(2), he is not entitled to intervention as of right.
I would, needless to say, affirm the trial court's action.