# Third District Court of Appeal

## State of Florida

Opinion filed October 6, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1621
Lower Tribunal No. 20-12633

_____

**Cassidy S. Miller,**
Petitioner,

vs.

**Alex V. Mitchell,**
Respondent.

A Case of Original Jurisdiction – Prohibition.

Nancy A. Hass, P.A., and Nancy A. Hass (Fort Lauderdale), for petitioner.

Bresky Law, and Robin Bresky (Boca Raton) and Jonathan Mann (Boca Raton), for respondent.

Before LINDSEY, MILLER, and LOBREE, JJ.

MILLER, J.

Through these proceedings, the mother, Cassidy S. Miller, seeks a writ of prohibition to prevent the lower tribunal from continuing to exercise jurisdiction over her minor child in a paternity action filed by the father, Alex V. Mitchell. She contends New Jersey is the child's home state for purposes of the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), as codified in section 61.501 et seq., Florida Statutes, thus jurisdiction lies in the New Jersey family court in which an action over custody of the child was previously filed. Concluding the trial court properly exercised jurisdiction, we deny relief.

## BACKGROUND

The mother and father lived with the paternal grandparents in Florida for several years, but, after the child was conceived, they moved to New Jersey seeking the care of a particular obstetrician. The mother ultimately gave birth in New York, and, shortly thereafter, the parties returned to Florida with the child. Although their initial intention was to vacation, the couple again took up residence with the paternal grandparents, this time for more than six months. During that time, the mother returned to New Jersey on multiple occasions to tend to her wellness center.

The parties' relationship eventually deteriorated, and the mother returned to New Jersey with the child. There, the mother sought an

2

injunction for protection against domestic violence, and, within a week, the father filed a paternity action in Miami-Dade County. The following day, the mother filed a child custody case in New Jersey. She then filed a motion to dismiss the paternity action pending in Miami-Dade County, contending New Jersey had primary jurisdiction over the child under the UCCJEA. After conducting a multi-day evidentiary hearing, the trial court denied the motion. The instant petition ensued.

## STANDARD OF REVIEW

To the extent subject matter jurisdiction under the UCCJEA implicates a question of law, we apply a de novo standard of review. N.B. v. Dep't of Child. of Fams., 274 So. 3d 1163, 1166 (Fla. 3d DCA 2019). Factual findings supporting jurisdiction, however, are reviewed for competent, substantial evidence. See Martinez v. Lebron, 284 So. 3d 1146, 1149 (Fla. 5th DCA 2019).

## LEGAL ANALYSIS

"Subject matter jurisdiction—the 'power of the trial court to deal with a class of cases to which a particular case belongs'—is conferred upon a court by constitution or by statute." Strommen v. Strommen, 927 So. 2d 176, 179 (Fla. 2d DCA 2006) (quoting Cunningham v. Standard Guar. Ins. Co., 630 So. 2d 179, 181 (Fla. 1994)). A court's exercise of subject matter jurisdiction

3

over interstate child custody disputes is determined by the UCCJEA, a uniform law that has been adopted in some form by all states, except for Massachusetts.[1]  Linda D. Elrod, Child Custody Practice and Procedure § 3:8 (2021).  The UCCJEA aims to avoid jurisdictional competition between states or countries, promote interstate cooperation, avoid re-litigation of another state's custody decisions, and facilitate enforcement of another state's custody decrees.  See § 61.502, Fla. Stat. (2021); N.J. Stat. Ann. § 2A:34-53 (West 2021).

In 2002, the Florida Legislature adopted provisions of the UCCJEA, as codified in chapter 61, Florida Statutes.  See Steckler v. Steckler, 921 So. 2d

---

[1] The circuit courts of Florida are "superior courts of general jurisdiction, and nothing is intended to be out of the jurisdiction of a superior court, except that which specially appears so to be." Curtis v. Albritton, 132 So. 677, 681 (Fla. 1931); see Art. V, § 5(b), Fla. Const.; § 26.012, Fla. Stat.  As the United States Supreme Court has noted:

> "Jurisdiction" refers to "a court's adjudicatory authority." Accordingly, the term "jurisdictional" properly applies only to "prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction)" implicating that authority. . . . [W]e have encouraged federal courts and litigants to "facilitat[e]" clarity by using the term "jurisdictional" only when it is apposite.

Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 160–61 (2010) (third alteration in original) (quoting Kontrick v. Ryan, 540 U.S. 443, 455 (2004)). Applying these principals, although some cases discuss the UCCJEA in terms of circumscribing jurisdiction, the UCCJEA is more properly understood as guiding a court's exercise of existing jurisdiction. See, e.g., In re E.D., 812 N.W.2d 712 (Iowa 2012).

740, 742 n.1 (Fla. 5th DCA 2006).[2]  Pursuant to the initial child custody provision of the UCCJEA, as set forth in section 61.514, Florida Statutes, jurisdiction to determine initial custody matters is vested in the "home state" of the child.[3]  Arjona v. Torres, 941 So. 2d 451, 454 (Fla. 3d DCA 2006). "Home state" is defined as "the state in which a child lived with a parent or a person acting as a parent for at least [six] consecutive months immediately before the commencement of a child custody proceeding."  § 61.503(7), Fla. Stat.[4]  In computing the requisite six-month period, "[a] . . . temporary absence of [a parent or person acting as a parent] is part of the period."  Id.; N.J. Stat. Ann. § 2A:34-54 (West).  Moreover, "[t]he state with home state jurisdiction over the child has [jurisdictional] priority under the UCCJEA." Baker v. Tunney, 201 So. 3d 1235, 1237 (Fla. 5th DCA 2016); see also § 61.514, Fla. Stat.; N.J. Stat. Ann. § 2A:34-65 (West).

Here, the facts adduced below support the determination the child lived with his parents in Florida for more than six consecutive months, and although the child was absent from the state at the time the initial paternity

---

[2] New Jersey's version of the UCCJEA is codified in sections 2A:34-53 to 95 of the New Jersey Statutes Annotated.

[3] There is an exception for temporary emergency jurisdiction.  See § 61.517, Fla. Stat.

[4] The New Jersey statute contains an identical definition.  See N.J. Stat. Ann. § 2A:34-54 (West).

petition was filed, his father continued to live in Florida. The mother, however, contends she only extended her stay in Florida due to the global COVID-19 pandemic and she was stymied in her efforts to renew her lease in New Jersey. Although we appreciate the vastly divergent facts presented by the parties below, as observed by the trial judge, "[t]he parties desires and future plans, however, are immaterial to jurisdiction." Further, the scope of our review is constrained to determining whether the factual underpinnings of the decision below are supported by competent, substantial evidence. In this regard, "[i]t is not the function of the appellate court to substitute its judgment for that of the trial court through re-evaluation of the testimony and evidence from the record on appeal before it," and the factual conclusions below are amply supported. Shaw v. Shaw, 334 So. 2d 13, 16 (Fla. 1976).

Finally, the record reflects that, once paternity testing was complete, the New Jersey tribunal determined the child had resided in Florida for eleven months preceding the filing of the petition. Consequently, it deferred to the Florida court and declined to exercise further jurisdiction. See § 61.519(1) Fla. Stat. ("[A] court of [Florida] may not exercise its [home state] jurisdiction . . . [if] a proceeding concerning the custody of the child had been commenced in a court of another state [properly exercising] jurisdiction . . . unless the proceeding has been terminated or is stayed by the court of the

6

other state because a court of this state is a more convenient forum under s. 61.520."); see also N.J. Stat. Ann. § 2A:34-70 (West). Under these circumstances, we conclude Florida retained "jurisdictional priority," and the trial court's exercise of jurisdiction was proper. See § 61.514(1)(a), Fla. Stat.; M.A.C. v. M.D.H., 88 So. 3d 1050, 1054 (Fla. 2d DCA 2012) ("[T]he home state determination under section 61.514(1)(a) allows for Florida to exercise jurisdiction if, at any time within the six months preceding the filing of the petition, Florida qualified as the home state."); Karam v. Karam, 6 So. 3d 87, 90 (Fla. 3d DCA 2009) ("Under the UCCJEA, jurisdictional priority lies in the child's home state."). Accordingly, prohibition does not lie, and we deny the petition.

Petition denied.